[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2776
This is an appeal by the plaintiffs, Barry and Nancy Reardon, from a decision of the defendant Zoning Board of Appeals of the Town of Granby (hereinafter ZBA). In its decision, the ZBA granted a variance to defendant, Clementina Prioli, owner of the subject property. Plaintiffs are abutting owners to the defendant Prioli's property. Plaintiffs Reardon timely appeal herein pursuant to General Statutes 8-8.
In her application for a variance, defendant Prioli stated her request as follows:
 Owner and applicant requests a variance to sections 8.14.1.4 and 8.15.10 of zoning regulations to comply with zoning requirements for a rear lot. The location of the existing barn on proposed rear lot would not comply with zoning for side yard and front yard. P Z recommended seeking a variance.
Record, Exhibit B.
The applicable regulations of the Town of Granby referenced in the application read as follows:
 8.14.1.4 In all zones the rear lot shall contain a minimum area of not less than twice the area prescribed for the zone in which it stands exclusive of any easements. The front, side and rear yards shall be at least twice the minimum requirement of Section 5.1, except that the front yard shall be at least one and one-half (1 1/2) the minimum requirement in the R30 zone. Access ways shall not be used in the area computation.
 8.15.10 Barns shall be set back from all side and rear property lines a minimum distance equal to one and one-half (1 1/2) times the maximum height of the barn; a distance equal to the longest linear dimension of the barn; or a distance in compliance with Section 5 of these Regulations, whichever is greatest. Any existing non-conforming barn, originally constructed for CT Page 2777 agricultural purposes, may continue to be used for agricultural purposes.
Record, Exhibit A. The notice of public hearing reads, in pertinent part:
 1. Appeal by Clementina Prioli, 14 Spring Glen Dr., for a variance to Sections 8.14.1.4 and 8.15.10 of the Zoning Regulations for a rear lot with a barn too close to the side and rear lines.
Record, Exhibit F. (emphasis added).
The notice of decision reads in pertinent part:
 The Zoning Board of Appeals of Granby, CT at their meeting held on Tuesday, March 17, 1992 voted to take the following actions:
 1. Moved to grant a variance to Sections 8.14.14 and 8.15.10 to Clementina Prioli, 14 Spring Glen Dr., which would permit the encroachment of 4' onto the minimum required from building line of 75' for a proposed rear lot. The variance reduces the front line to a minimum of 71'. The hardship found related to the insignificance of the variance and the impact a denial would have by necessitating a relocation or demolition of an existing structure.
Record, Exhibit I.
The record shows that the property of Mrs. Prioli is large enough to comply with zoning ordinances with regard to the size of the building which was the subject of the request for variance. However, the building is located on a portion of the property which would require both front and rear variances for use as a residence, as Mrs. Prioli wishes. In other words, the building would have to be relocated to comply with zoning absent the variances.
The filing of the present appeal assumes that the needed variances have been granted. At first blush, this would appear to be the case. Nevertheless, as the attorney for the board noted at argument, this is not so. A review of the excerpted portions of the record as noted herein show that while Mrs. CT Page 2778 Prioli applied for, and needed, side and front variances, the board acted only on the front yard variance. Thus, she cannot proceed with the desired use of her property unless and until she secures the side yard variance.
At some point in the hearing, the court stated that the plaintiffs had established aggrievement as abutters. This was erroneous in view of the facts of this unusual case. Although General Statutes 8-8(a)(1) provides that an abutter is an "aggrieved person" for purposes of appeal, this is merely a legislative recognition that abutting owners will necessarily meet the criteria for aggrievement. Inherent in Section8-8(a)(1), however, is the presumption that the board has taken an action which will change the status quo of the property which is the subject of the board's action.
Although plaintiffs are technically aggrieved as a matter of law, it would elevate form over substance to find plaintiffs aggrieved, when, through an apparent oversight, the board has failed to take any action which would permit Mrs. Prioli to change the current status of her property. As the board has not acted on the request for a side yard variance, the decision is not yet final, can have no affect on plaintiff's property and is, therefore, not subject to appeal.
There is no authority in either the statutes or the case law for this court to remand this matter to the board for further action. Should Mrs. Prioli wish to obtain the variance, she must bring her request before the ZBA.
For the foregoing reasons, the appeal must be dismissed.
Dunnell, J.